HARRIS COX et al.

*v.*

S. LEWIS KILLE et al.

Equity will not permit a mortgagor or his grantees, who are in default in the payment of interest due upon a mortgage, to pay both principal and interest when by its terms the principal is not payable until the death of a third person, who is still living, but which provides that the interest shall be paid semi-annually, and, if not paid within thirty days after it becomes due, the principal shall also become due, without adding the words "at the option of the owner or holder," or any equivalent words.

On bill to foreclose.

*Mr. S. Meredith Dickinson*, for the complainants.

*Mr. Robert S. Clymer*, for the defendant.

BIRD, V. C.

The bill in this case is filed to foreclose, to the extent of the interest due, a mortgage to secure the payment of the principal of a bond at and immediately after the death of S. M. R., and the interest thereof semi-annually during her lifetime, with a provision that if at any time default should be made in the payment of the said interest, for the space of thirty days after the same should have become due, then the said principal sum, and all interest in arrears, should immediately after such default become due and payable. Six months' interest became due last November. S. M. R. is still living.

The defendant Kille has answered. He admits his ownership of the equity of redemption, and that the interest is in arrear, and that he is liable to pay the same. But he insists that, by virtue of the language of the bond as above stated, the principal as well as the interest has become due, and that he is entitled to pay the same. It is urged that because the bond provides that

in case the interest remains due and unpaid for the space of thirty days, that then the principal shall become instantly due and payable, without saying that it shall become so payable at the option of the holder of the bond, the obligor may consider the principal as due and discharge the bond. In other words, the claim is that the obligor, by means of his own default, may exercise the option which most evidently the parties intended to give only to the obligee.

Authorities need not be cited in support of the general doctrine that equity will not permit a party to take advantage of his own wrong. The principle, however, has frequently been applied when courts have been called upon to determine the rights between landlords and tenants, under similar circumstances. "It is entirely optional with the lessor whether he will avail himself of this right of re-entry or not, although, by the terms of the proviso, the term is to cease or become void for the non-performance of the covenants; and if the lessor does not avail himself of it, the term will continue for the lessee cannot elect that it shall cease or be void." *Tayl. Land. & T.* § *492; Bain. M. & M. 484, 485.*

So much of the answer as alleges the right of the defendant to discharge the mortgage lien, by paying both principal and interest due, must be stricken out, with costs.